# IN THE COURT OF APPEALS OF IOWA

No. 14-1127
Filed June 24, 2015

**MARSHALL RAY ADCOCK,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

Marshall Adcock appeals the district court's dismissal of his third application for postconviction relief. **AFFIRMED.**

Darrell G. Meyer, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

Marshall Adcock appeals the district court's dismissal of his third application for postconviction relief.

On October 22, 2007, Adcock pleaded guilty to one count of criminal mischief in the second degree as an habitual offender. *See* Iowa Code §§ 716.4, 902.8 (2007). Because he had two prior felony convictions in Illinois, he was sentenced to the habitual-offender maximum sentence of fifteen years and minimum of three years in confinement. *See id.* § 902.8. He appealed his sentence, and the appeal was dismissed as frivolous. He filed an application for postconviction relief asserting various grounds of ineffective assistance of counsel and claiming his plea was not knowing and voluntary. The district court dismissed the application. Adcock appealed, and this court affirmed, finding, "The record before us belies Adcock's claims his plea was not knowingly and voluntarily entered into." *See Adcock v. State (Adcock I)*, No 09-0657, 2010 WL 446513, at *1 (Iowa Ct. App. Feb. 10, 2010). Adcock filed a second application for postconviction relief. The application was dismissed, Adcock appealed, and the appeal was dismissed as frivolous.

Adcock filed a third application for postconviction relief. The application was dismissed, and Adcock appealed. This court held the dismissal was proper as to all but one issue: whether Adcock's sentence was illegal because it constituted an unconstitutionally cruel and unusual punishment. *See Adcock v. State (Adcock II)*, No. 11-1703, 2013 WL 5743649, at *3–4 (Iowa Ct. App. Oct. 23, 2013). We remanded for a determination on that issue alone. *See id.* at *4.

On remand, the district court considered and dismissed the illegal-sentence claim. Adcock appeals.

First, in a pro se supplemental brief, Adcock asks us to address an additional ineffective-assistance claim, which asserts his trial counsel was ineffective for allowing him to enter his guilty plea because the plea was not voluntary and knowing. The claim is not properly before us and has no merit. Our previous remand was expressly limited to the illegal-sentence claim; this ineffective-assistance claim was not within the scope of the district court's ruling from which Adcock now appeals. Further, as in Adcock's previous appeal, this ineffective-assistance claim is no more than a "restated argument[] on the same issues that have already been adjudicated" in the multitude of prior proceedings. *Id.* at *2. Finally, it has already been established Adcock's plea was entered knowingly and voluntarily, so an ineffective-assistance claim on that ground is meritless. *See Adcock I*, 2010 WL 446513, at *1.

Second, Adcock's constitutional claim is also without merit. We review the matter de novo. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009). Both the United States and Iowa Constitutions prohibit the imposition of cruel and unusual punishment. *See* U.S. Const. amend. VIII; Iowa Const. art. I, § 17. Adcock has not alleged any distinction between the functions of the state and federal constitutions, and we therefore "apply the general principles as outlined by the United States Supreme Court for addressing a cruel-and-unusual-punishment challenge . . . ." *Bruegger*, 773 N.W.2d at 883.

Adcock asserts his "fifteen year sentence with a three year minimum is grossly disproportionate to [his] property crime involving damage as low as

$1000, merely because [he] has two prior felonies." The language of Adcock's brief indicates his challenge is an as-applied attack to our legislature's habitual-offender sentencing enhancements. *See id.* at 884; Iowa Code § 902.8.

We first determine whether we infer gross disproportionality in Adcock's sentence—a threshold determination in an as-applied attack. *See Graham v. Florida*, 560 U.S. 48, 60 (2010). We consider four general principles. *State v. Oliver*, 812 N.W.2d 636, 650 (Iowa 2012). First, we give "substantial deference" to the penalties prescribed by our legislature. *Id.* Second, it is rare that a sentence rises to the level of gross disproportionality. *Id.* Third, "a recidivist offender is more culpable and thus more deserving of a longer sentence than a first-time offender." *Id.* Lastly, a case's unique circumstances can converge and together "generate a high risk of potential gross disproportionality." *Id.* at 651.

None of these general principles weigh in Adcock's favor. Our legislature has determined habitual felons are subject to longer sentences than first-time offenders, and we defer to its determination. There are no unique or particular circumstances that generate a high risk of potential disproportionality. This is not one of the rare cases of a grossly disproportionate sentence.

Adcock had two prior felonies and caused over $1000 in property damage resulting in a three-year minimum confinement. In a United States Supreme Court case, *Ewing v. California*, the defendant stole merchandise worth approximately $1200 and, as a result of having at least two prior felony convictions, was sentenced to twenty-five years to life. 538 U.S. 11, 19–20

(2003).  The sentence as applied in *Ewing* was not unconstitutional, and neither is the sentence in the case before us.

**AFFIRMED.**